*180 OPINION.
SiefKin :
The sole issue in controversy is whether the $28,000 payment by petitioner to the bank represents a deductible loss. The rights and liabilities of the respective parties under the guaranty contracts are not determinative of the question presented, as petitioner was released from those contracts by the agreement under which payment was made. This latter agreement provided for the payment to the bank, the placing of the questionable paper in trust for the bank, and the release of the guarantors from liability under the written guaranty contracts, set out in full in the findings of fact.
Kespondent urges that the payment in question might have saved petitioner’s investment in the bank’s stock and was, therefore, a eapi-tal investment. We grant the possibility, but the conclusion that other considerations prompted the payment in question is inescapable. When the $100,000 was ordered withdrawn from the bank’s assets, the stockholders protected by the guaranty contract were unwilling to stand a stock assessment and were likewise unwilling to see the bank closed. Instead, they agreed to release the guarantors from further liability on the guaranty contract in return for the guarantors’ payment of $100,000 to the bank. .We are of the opinion that the principal consideration moving the guarantors to make the payment in question was the offer to release them from liability under the guaranty contracts.
The cases cited by the respondent are not in point as they involve questions of advances of stockholders to corporations, or with guarantors of stock values. Under such facts, losses are not realized until the corporation becomes insolvent or the stock worthless. The question at bar is essentially different. Though the bank was solvent and continued to function throughout the year, petitioner contracted to stand an immediate loss of $28,000 in consideration of a release from a probable future loss of an uncertain amount. Nor is the question in any wise affected by the value of the paper placed in trust as the bank, and not the guarantors, was the beneficiary under the trust. Accordingly, petitioner was not entitled to any portion of the amounts collected by the trustee. In this respect petitioner’s posi-ii tion differs from that of a guarantor who, upon having to make good | his guaranty, is subrogated to the rights of the bank as was the case in Morris Sass, 7 B. T. A. 557. A guarantor’s loss depends upon whether the obligations guaranteed proved to be worthless in whole or in part. No such contingency exists in the case at bar.
Beviewed by the Board.

Judgment will be entered for the petitioner.